UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; ESURANCE INSURANCE COMPANY; and ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY,

Plaintiffs,

v.

MERCYLAND HEALTH SERVICES, PLLC; TOX TESTING, INC.; PARAGON LABS, LLC; MICHIGAN TECHNOLOGY PARTNERS, LLC; CURE IMAGING, LLC; US HEALTH PHARMACEUTICALS, LLC d/b/a MEDS DIRECT; LIVONIA CARE PHARMACY, INC.; BLOCK BILLING SOLUTIONS, LLC; MICHAEL ANGELO; CHITRA SINHA, M.D.; MOHAMMED ALI ABRAHAM, M.D. a/k/a MOHAMMED ALI IBRAHIM; and NILESH PATEL,

Defendants.

C.A. No. 2:18-cv-13336

Paul D. Borman
United States District Judge

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANTS MERCYLAND HEALTH SERVICES, PLLC AND MOHAMMED ALI ABRAHAM, M.D. a/k/a MOHAMMED ALI IBRAHIM ONLY**

Pursuant to Fed. R. Civ. P. 41(a)(1), it is hereby stipulated and agreed by and between plaintiffs Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, Esurance Insurance

Company, and Esurance Property and Casualty Insurance Company (collectively, "Allstate") and defendants Mercyland Health Services, PLLC and Mohammed Ali Abraham, M.D. a/k/a Mohammed Ali Ibrahim (collectively, the "Mercyland defendants") only, by and through their undersigned counsel, that Allstate's Complaint (*Docket No. 1*) be dismissed without prejudice as to the Mercyland defendants without costs or fees of any kind to any party. It is hereby agreed that the dismissal of Allstate's Complaint shall be deemed to become with prejudice upon satisfaction of all terms of the settlement reached between the parties. It is also hereby agreed by the parties that this Court shall retain jurisdiction to enforce the terms of settlement reached between the parties.

[SIGNATURE PAGE FOLLOWS]

STIPULATED AND AGREED TO THIS 20th DAY OF MAY, 2019:

| | |
|---|---|
| Respectfully Submitted, | |
| *Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, Esurance Insurance Company, and Esurance Property and Casualty Insurance Company* | *Mercyland Health Services, PLLC and Mohammed Ali Abraham, M.D. a/k/a Mohammed Ali Ibrahim* |
| By their Attorneys, | By their Attorneys, |
| */s/ Jacquelyn A. McEttrick*<br>__________________________ | */s/ Robert L. Akouri*<br>__________________________ |
| Richard D. King, Jr.<br>Nathan A. Tilden (P76969)<br>Jacquelyn A. McEttrick<br>Andrew H. DeNinno<br>SMITH & BRINK<br>38777 Six Mile Road, Suite 314<br>Livonia, MI 48152<br><br>350 Granite St., Suite 2303<br>Braintree, MA 02184<br>(617) 770-2214 | Robert L. Akouri (P43788)<br>AKOURI & ASSOCIATES, PLLC<br>6528 Schaefer Road<br>Dearborn, MI 48126<br>(313) 584-1404 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; ESURANCE INSURANCE COMPANY; and ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY,

Plaintiffs,

v.

MERCYLAND HEALTH SERVICES, PLLC; TOX TESTING, INC.; PARAGON LABS, LLC; MICHIGAN TECHNOLOGY PARTNERS, LLC; CURE IMAGING, LLC; US HEALTH PHARMACEUTICALS, LLC d/b/a MEDS DIRECT; LIVONIA CARE PHARMACY, INC.; BLOCK BILLING SOLUTIONS, LLC; MICHAEL ANGELO; CHITRA SINHA, M.D.; MOHAMMED ALI ABRAHAM, M.D. a/k/a MOHAMMED ALI IBRAHIM; and NILESH PATEL,

Defendants.

C.A. No. 2:18-cv-13336

Paul D. Borman
United States District Judge

**ORDER OF DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANTS MERCYLAND HEALTH SERVICES, PLLC AND MOHAMMED ALI ABRAHAM, M.D. a/k/a MOHAMMED ALI IBRAHIM ONLY**

This matter having come before the Court upon stipulation of the parties, and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that plaintiffs' causes of action against defendants Mercyland Health Services, PLLC and Mohammed Ali Abraham, M.D. a/k/a Mohammed Ali Ibrahim only are hereby dismissed without prejudice and without costs to any party. The Court shall retain jurisdiction over this matter only to enforce the terms of settlement reached between the parties.

IT IS SO ORDERED.

Dated: May 22, 2019

s/Paul D. Borman
Paul D. Borman
United States District Judge