UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE
COMPANY, ALLSTATE FIRE AND
CASUALTY INSURANCE
COMPANY, ALLSTATE PROPERTY
AND CASUALTY INSURANCE
COMPANY, ESURANCE
INSURANCE COMPANY, and
ESURANCE PROPERTY AND
CASUALTY INSURANCE
COMPANY,

          Plaintiffs,

v.

TOX TESTING, INC., PARAGON
LABS, LLC, MICHIGAN
TECHNOLOGY PARTNERS, LLC,
CURE IMAGING, LLC, US HEALTH
PHARMACEUTICALS, LLC d/b/a
MEDS DIRECT, BLOCK BILLING
SOLUTIONS, LLC, MICHAEL
ANGELO, and CHITRA SINHA, M.D.,

          Defendants.
_____/

Case No. 18-13336

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

**<u>OPINION AND ORDER (1) GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST PURE LAND PHYSICAL THERAPY, PLLC AND PURE SOLUTION IMAGING, LLC FOR FAILURE TO RESPOND TO PLAINTIFFS' WRITS OF GARNISHMENT (ECF NO. 255), AND (2) CANCELING THE HEARING SCHEDULED FOR APRIL 23, 2020 AT 2:30 P.M.</u>**

In this action, the Allstate plaintiffs allege that the defendants, including defendants/judgment debtors Mohammed Ali Abraham, M.D., a/k/a Mohammed Ali

Ibrahim ("Abraham") and Mercyland Health Services, PLLC ("Mercyland"), engaged in a comprehensive scheme to defraud Allstate by submitting claims for benefits to which they were not entitled under Michigan law. Defendants Abraham and Mercyland entered into a Confidential Settlement Agreement with Plaintiffs. Upon Defendants' subsequent breach of that Agreement, the Court entered the parties agreed-upon judgment in favor of Plaintiffs and against Abraham and Mercyland jointly and severally in the amount of $250,000.00 plus attorney's fees and costs. In attempting to collect that judgment, Plaintiffs served writs of garnishment on Defendants' judgment creditors, including garnishees Pure Solution Imaging, LLC ("Pure Solution") and Pure Land Physical Therapy, PLLC ("Pure Land"). Neither garnishee served a disclosure as directed by the writs, or otherwise responded to the writs, and Allstate now seeks judgment against garnishees Pure Land and Pure Solution pursuant to Michigan Court Rule 3.101 in the total amount stated by Allstate's writs of garnishment.

Presently before the Court is Plaintiffs' Motion for Default Judgment Against Pure Land Physical Therapy, PLLC and Pure Solution Imaging, LLC for Failure to Respond to Plaintiffs' Writs of Garnishment (ECF No. 255). There has been no response to Plaintiffs' motion. The Court has determined, pursuant to E.D. Mich. L.R. 7.1(f), that a hearing is not necessary and decides the matter on the written submission.

## I. BACKGROUND

On October 25, 2019, Plaintiffs Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, Esurance Insurance Company, and Esurance Property and Casualty Insurance Company (collectively "Allstate" and/or "Plaintiffs") filed a Complaint alleging that the Defendants, comprised of "a medical clinic, urine drug testing companies, magnetic resonance imaging ("MRI") facilities, pharmacies, physical therapy clinics, and the physicians, owners, managers, agents and representatives of the same," engaged in a fraudulent scheme to seek reimbursement under Michigan's No-Fault Act for treatment and services that were not actually rendered, were medically unnecessary, were fraudulently billed, and were not lawfully rendered. (ECF No. 1, Compl.)

On April 1, 2019, Allstate entered into a Confidential Settlement Agreement with two of the defendants, Mohammed Ali Abraham, M.D., a/k/a Mohammed Ali Ibrahim ("Abraham") and Mercyland Health Services, PLLC ("Mercyland"). Mercyland and Abraham subsequently materially breached that Agreement by failing to make any required payments to Allstate and, pursuant to the terms of that Agreement, on October 22, 2019, this Court entered the agreed-upon judgment against Defendants Mercyland and Abraham in the amount of $250,000.00, plus attorney's fees and costs. (ECF Nos. 132, 133.)

Upon entry of the judgment, Allstate began discovery to identify assets of the Defendants subject to execution and/or garnishment. Allstate discovered records identifying Abraham as the President and CEO or Pure Solution and owner of Pure Land. (ECF No. 255-1, Pls.' Brief at p. 2, PgID 6831, citing Ex. A, Huntington Bank Business Signature Card (ECF No. 255-3) and Ex. B, Pure Land Articles of Incorporation (ECF No. 255-4).)

On January 16, 2020, Allstate served writs of garnishment on Pure Land and Pure Solution for all assets held by each entity and owed to Abraham. (ECF Nos. 255-6 through 255-9.) However, neither garnishee served a disclosure as directed by the writs and the Michigan Court Rules, or otherwise responded.

On February 25, 2020, Allstate filed this Motion for Default Judgment Against Pure Land Physical Therapy, PLLC and Pure Solution Imaging, LLC for Failure to Respond to Plaintiffs' Writs of Garnishment. (ECF No. 255.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 64 applies state law remedies for the seizure of property to satisfy a judgment. Mich. Comp. Laws 600.4011 provides that the Court has power to garnish personal property of a judgment debtor in the possession of a third person. "The court may exercise its garnishment power only in accordance with the Michigan Court Rules." *Nationsbanc Mortg. Corp. of Georgia v. Luptak*, 243 Mich. App. 560, 564 (2000). Michigan Court Rule 3.101 governs post-

4

judgment garnishment proceedings, which are at issue in this case, and sets forth the detailed procedures to be used when garnishing assets held by a third party. Garnishments generally involve three parties: (1) the plaintiff, or judgment creditor; (2) the defendant, or judgment debtor; and (3) the garnishee, or garnishee defendant. MCR 3.101(A)(1)-(3).

The Michigan Court Rules require that a request for a writ of garnishment be submitted to the clerk of the court that entered the judgment. MCR 3.101(D). The request must include a verified statement which states, in part, that a judgment has been entered against the defendant and remains unsatisfied, and gives the total amount of the unsatisfied judgment. MCR 3.101(D)(1), (2). Upon issuance of writ of garnishment, the writ must be served upon the garnishee. MCR 3.101(E)(2), (F)(1). The writ must include a verified statement, which acts as the plaintiff's complaint against the garnishee. MCR 3.101(M)(2).

Under MCR 3.101, within 14 days after being served with a writ of garnishment, a garnishee must mail or deliver to the court, the plaintiff, and the defendant, a verified disclosure revealing the garnishee's liability to the defendant. MCR 3.101(H). Additionally, if the garnishee is indebted to the defendant, subrule (J) requires the garnishee to transmit all withheld funds to the plaintiff or to the court after 28 days from the date the writ was served on the garnishee, unless the garnishee is notified that objections have been file. MCR 3.101(J)(1).

5

If the garnishee fails to comply with Michigan Court Rule 3.101, the Rule provides for sanctions. MCR 3.101(S). MCR 3.101(O) states the general rule that judgment may be entered against the garnishee for the payment of money or property in satisfaction of the garnishment "as the facts warrant." MCR 3.101(O)(1). "A money judgment against the garnishee may not be entered in an amount greater than the amount of the unpaid judgment, interest, and costs as stated in the verified statement requesting the writ of garnishment." *Id.* Rule 3.101(S) states the rule that a court may enter a default judgment against a garnishee who fails to make a required disclosure within the time limits provided. MCR 3.101(S)(1). "A default judgment against a garnishee may not exceed the amount of the garnishee's liability as provided in [MCR 3.101(G)(2)]." *Id.* This is the default procedure between Plaintiffs and garnishee-defendants in this action.

### III. DISCUSSION

Allstate has demonstrated that the writs of garnishment to both Pure Land and Pure Solution were properly issued by this Court on December 18 and 19, 2019, and properly served by Allstate in accordance with MCR 3.101(F) on January 16, 2020. (ECF Nos. 255-6 through 255-9.) These writs sought judgment in the amount of $286,314.16. (*Id.*) Neither garnishee served any objection to the writs of garnishment within 14 days (or at any other time) pursuant to MCR 3.101(K), nor a verified disclosure required under MCR 3.101(H).

Pursuant to MCR 3.101(S), "if the garnishee fails to disclose or do a required act within the time limit imposed, a default may be taken as in other civil actions." "Judgment may be entered against the garnishee for the payment of money or the delivery of specific property as the facts warrant." MCR 3.101(O)(1). Because Pure Land and Pure Solution failed to file disclosures or take any other required action in response to the properly served writs, Allstate is entitled to default and default judgment against these garnishees for the full amount stated in the writs, $286,314.16. MCR 3.101(G)(2), (O)(1), (S)(1); Fed. R. Civ. P. 55(a), (b).

## IV. CONCLUSION

Accordingly, for the reasons set forth above, Plaintiffs' Motion for Default Judgment as to Pure Land Physical Therapy, PLLC and Pure Solution Imaging, LLC for Failure to Respond to Plaintiffs' Writs of Garnishment (ECF No. 255) is **GRANTED**, and default judgment is hereby entered against garnishees Pure Solution Imaging, LLC and Pure Land Physical Therapy, PLLC in favor of Plaintiffs in the amount of **$286,314.16**.

Finally, the hearing scheduled for Thursday, April 23, 2020 at 2:30 p.m. is **CANCELED**.

IT IS SO ORDERED.

Dated: April 14, 2020

s/Paul D. Borman  
Paul D. Borman  
United States District Judge