UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,
*et a*l.,                                          Civil Action No. 18-13336

                         Plaintiffs,         Paul D. Borman
                                         United States District Judge

v.

                                         David R. Grand
MERCYLAND HEALTH SERVICES,                        United States Magistrate Judge
PLLC, ET AL.,

                         Defendants.

_____/

## ORDER DENYING AS MOOT VELOCITY'S MOTION FOR EXTENSION OF TIME OR FOR ALTERNATIVE RELIEF AS TO THE COURT'S FEBRUARY 12, 2021 ORDER MAKING IT A SUPPLEMENTARY PARTY TO THESE PROCEEDINGS (ECF No. 408) and DENYING ALLSTATE'S MOTION TO STRIKE (ECF No. 424)

## and

## REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE ALLSTATE'S MOTION FOR JUDGMENT AGAINST GARNISHEE PAUL G. VALENTINO, J.D., P.C. (ECF No. 426)

This case has a long and complicated history which the Court thoroughly explained

in its February 12, 2021 Order Granting in Part and Denying in Part Plaintiffs' Motion for

Proceedings Supplementary to Judgment (the "Supplementary Proceedings Order").  (ECF

No. 379).  The Court incorporates that discussion herein by reference.  (*Id.*, PageID.16133-

42).  For purposes of this Order and Report and Recommendation, it suffices to say that

plaintiff Allstate[1] secured in this case a $250,000 judgment against two judgment debtors (defendants Mercyland Health Services, PLLC ("Mercyland") and its owner Mohammad Ali Abraham, M.D. a/k/a Mohammad Ali Ibrahim ("Abraham") (collectively, the "Judgment Debtors"), and alleged that they, either directly or with the aid of various law firms, unlawfully transferred funds to various other parties to thwart Allstate's ability to collect on the judgment.   Two of those parties are Velocity MRS – Fund IV, LLC ("Velocity") and Paul G. Valentino, J.D., P.C. ("Valentino P.C.").   Specifically, Allstate contends that the Judgment Debtors wrongfully transferred monies to Velocity and that Valentino P.C. represented the Judgment Debtors in state court actions that resulted in Valentino P.C.'s receipt of monies that belong to Allstate.  (ECF No. 333-1, PageID.14491-92, 14501, 14504-05, ; ECF No. 426, PageID.16600-01).

On February 12, 2021, in conjunction with the Supplementary Proceedings Order, the Court entered separate Orders making Velocity and Valentino P.C. (and numerous others) supplementary parties to this action.  (ECF Nos. 387, 393).  Valentino P.C. was ordered to respond to discovery Allstate had propounded on it, and to not transfer monies to or from the Judgment Debtors.  (ECF No. 393, PageID.16196).  Velocity was ordered to show cause at a hearing to be held on March 15, 2021, why it was not liable to Allstate for the monies the Judgment Debtors had allegedly transferred to it.  (ECF 387, PageID.16176).  The Court ordered Allstate to "promptly serve" Velocity and Valentino

---

[1] Plaintiffs in this case are Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, Esurance Insurance Company, and Esurance Property and Casualty Insurance Company.  The Court will refer to plaintiffs collectively as "Allstate."

P.C. with a copy of the Supplementary Proceedings Order and the other Orders specific to each of them.  (ECF No. 379, PageID.16173; ECF No. 393, PageID.16197; ECF No. 387, PageID.16177).

Given the March 15, 2021 show cause hearing date, prompt service as to Velocity was critical.  Allstate filed a proof of service indicating that it served Velocity on March 3, 2021.  (ECF Nos. 407-8).  Velocity contends, however, that the address Allstate sent the Orders to was an old one, and that it did not actually receive Allstate's mailing until March 9, 2021.  (ECF No. 408-1, PageID.16344).  Nevertheless, Velocity attended the March 15, 2021 show cause hearing.  In light of (1) Allstate's contention in the related interpleader action (Civil Action No. 19-13757) that the overarching dispute as to the $250,000 had been settled, and (2) the additional filings in this case that are discussed below, the Court did not enter any further orders following the show cause hearing as to who is entitled to the disputed funds.

Now pending before the Court are three of those "additional filings" – motions that are largely intertwined as they all relate to the central question of whether Allstate or Velocity is entitled to the disputed funds.  First, on March 12, 2021, Velocity filed a motion seeking either additional time to object to the Court's Supplementary Proceedings Order and an adjournment of the March 15, 2021 show cause hearing or an order from the Court vacating the Order to Show Cause.  (ECF No. 408).  Second, Allstate filed a motion to strike a filing by Velocity (ECF No. 422) in which Velocity objects to the Court entering a judgment against other entities who, like Velocity, were made supplementary parties pursuant to the Court's Supplementary Proceedings Order, but who did not appear at the

3

show cause hearing.  (ECF No. 424).  Third, Allstate filed a motion for entry of a judgment against Valentino P.C. "in an amount equal to the value of any and all assets held by Valentino [P.C.] for the benefit of judgment debtor Mercyland []."  (ECF No. 426).  The first two motions were referred to the undersigned for hearing and determination, while the motion for judgment against Valentino P.C. was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), and (B), respectively.  (ECF Nos. 413, 425, 427). The Court heard oral argument on these motions on November 12, 2021.  For the reasons stated on the record and below, the Court makes the following rulings and recommendations:

### ECF No. 408 – Velocity's Motion re. Supplementary Proceedings Order

The Court will deny as moot Velocity's motion seeking either an extension of time to object to the Supplementary Proceedings Order or an order from the Court vacating the Order to Show Cause the Court had entered against Velocity.  (ECF No. 408).  At oral argument, Velocity admitted that it filed this motion protectively due to its assertion that it did not receive timely notice of the show cause hearing.  That concern is now a non-issue as Velocity was able to (1) participate in that hearing and (2) subsequently raise its objections to Allstate's substantive arguments regarding its rights to the monies in question.

### ECF No. 424 – Allstate's Motion to Strike Velocity's Filing

At the March 15, 2021 show cause hearing, Allstate asked the Court to enter a judgment against three supplementary parties who had allegedly received fraudulent monetary transfers from the Judgment Debtors, and who did not appear at the hearing: Pureland Health Center, LLC ("Pureland"); Midwest Multispecialty Institute, PLLC

4

("Midwest Multispecialty"); and Absolute Best Funding, LLC ("Absolute Best").  Given

the three entities' non-appearance at the hearing, the Court voiced its inclination to grant

Allstate's request.  However, the very next day after the hearing, Velocity filed a "Response

Objecting to Allstate's Request for Judgment" against those three entities.   In short,

Velocity asked that that the Court:

> ***not*** [] enter an order permitting Allstate to garnish, seize, levy, attach,
> or otherwise control the accounts receivable of Pureland, Midwest
> Multispecialty, or Absolute Best or the proceeds of those accounts
> receivable, because according to Allstate those accounts receivable and
> their proceeds are in fact Mercyland accounts receivable and proceeds,
> all of which are subject to Velocity's perfected security interest, which
> is superior to the <u>un</u>secured claim of mere judgment creditor Allstate.
> Specifically, Velocity holds a superior security interest in:
>
> > All accounts and accounts receivable [of Mercyland], all
> > related instruments, contract rights, chattel paper, general
> > intangibles, and books and records, and all rights, remedies,
> > supporting obligations, guarantees, security interests, and liens
> > in respect of any of the foregoing, in each case whether now
> > owned or hereafter acquired or arising, and all products and
> > proceeds of the foregoing.

(ECF No. 422, PageID.16450-51) (emphasis in original).

Velocity concluded, "On the one hand, Allstate is merely an <u>*unsecured*</u> judgment

creditor of Mercyland.  On the other hand, Velocity is a *secured* creditor of Mercyland with

a *perfected security interest* in <u>all</u> of Mercyland's accounts receivable and their proceeds,

many of which Velocity also *owns* pursuant to a Lien and Receivables Portfolio Purchase

and Assignment Agreement and associated Purchase Orders with Mercyland." (*Id.*, PageID.16454-55) (emphasis in original).[2]

Allstate responded by filing the instant motion to strike Velocity's response brief. (ECF No. 424). Allstate principally argued that (1) Velocity had not claimed the Judgment Debtors were in default on any obligation owed to Velocity and (2) Velocity was "not a party to the proceedings between Allstate and the supplementary defendants, has not sought to intervene in those proceedings, has not asserted any claims in those or any other proceeding with respect to the supplementary defendants or assets improperly transferred to them, has never asserted any claims to any of Mercyland's assets besides account receivable it allegedly purchased, and therefore has no standing or legal basis for objecting to the relief that Allstate seeks against the supplementary defendants." (ECF No. 424-1, PageID.16565). In response, Velocity presented evidence that it had declared Mercyland in default, and that its perfected security interest in Mercyland's receivables and the "products and proceeds" of those receivables, gives it an absolute priority over any right claimed by Allstate in those same funds. (ECF No. 429, PageID.16763-64, 77-78, 835-59). Thus, Velocity summed up its position as follows:

> The gravamen of all of these filings as well as Allstate's oral request for relief are competing requests asking the Court to resolve a dispute between Velocity and Allstate as to which has a superior right to Mercyland's accounts receivable and their proceeds, some of which have allegedly been conveyed – perhaps fraudulently as to Velocity and/or Allstate – to third parties and which may have been transformed into bank accounts, cash, inventory, equipment, real estate, or other

---

[2] The Court notes that although the UCC Financing Statement lists Velocity's "Fund V" as the filer, it clearly lists *Velocity*, i.e., the supplementary party here, as the actual "secured party." (ECF No. 422-1).

assets.  Velocity respectfully asks the Court to look past the labels the parties have attached to these filings and to adjudicate this core dispute after the parties have had an opportunity to conduct discovery.

(*Id.*, PageID.16785).

In its reply, Allstate contends that because the supplementary parties in question (Pureland, Midwest Multispecialty, and Absolute Best) did not attend the show cause hearing, "[t]his is an open-and-shut matter but for Velocity's improper interference." (ECF No. 431, PageID.16864).  Yet, Allstate also argues that it "has not had the opportunity to fully explain why Velocity cannot be entitled to the radical injunction it seeks," and that "Velocity does not and cannot prove that [the funds being sought by Allstate] are encompassed by its UCC lien . . ."  (ECF No. 431, PageID.16865, 16867).

For a number of reasons, the Court finds that the appropriate course is to not enter a judgment at this time against Pureland, Midwest Multispecialty, or Absolute Best, and to instead allow Allstate and Velocity an opportunity to conduct discovery into the issues discussed herein.  First, although Allstate filed a timely proof of service regarding the Supplementary Proceedings Order and Order to Show Cause (ECF Nos. 379, 387, 407-2), service questions exist as to Absolute Best.  Attorney John W. Henke, III just filed an appearance on behalf Absolute Best on November 11, 2021, and represented at the November 12, 2021 hearing that neither he nor his client had received any information regarding the Court's Orders until extremely recently.  (ECF No. 446).  At least as to Absolute Best, it makes little sense under these circumstances to enter what would essentially be a default judgment against it despite the fact that it has now appeared through counsel and indicated it will be contesting Allstate's request for a judgment.

Second, Allstate's argument that Velocity is "not a party to the proceedings between Allstate and the supplementary defendants" is only partly accurate.  While Allstate has sought to move *separately* as to certain individual supplementary parties, *e.g.*, its formal motion for judgment *against Valentino P.C.*, Velocity has – pursuant to Allstate's own motion – been made a supplementary party to this action, which is now essentially a collection action with both Velocity and Allstate laying claim to the same monies.  Indeed, when it was convenient to Allstate's argument that Velocity had waived its right to object to a garnishment in this case, *see infra* at 10, Allstate relied in part on its assertion that "Velocity is a party to these proceedings . . ."  (ECF No. 426, PageID.16604).  More significantly, Velocity is asserting a prior perfected security interest in the very assets Allstate is seeking from the supplementary parties; that is, Velocity has at least raised a significant question as to whether the monies being sought by Allstate, including from Pureland, Midwest Multispecialty, and Absolute Best, flow from Mercyland's accounts receivable.  (ECF No. 429, PageID.16764-68).  With Velocity already being a party to this action and asserting a security interest in monies at issue, there is no need for it to formally intervene in this action to assert its rights.

Third, while Allstate contends that Velocity "cannot prove" its entitlement to the funds in question, factual questions – many of which are discussed above – abound, and it is appropriate for the parties to conduct discovery on those complicated issues before requiring such proof from Velocity.  For example, whereas Allstate asserts that Velocity has not declared Mercyland to be in default on any obligations owed to Velocity, Velocity put forth documentary evidence that would seem to establish the opposite is true.  (ECF

No. 429, PageID.16763-64, 77-78, 835-59).  Discovery will also need to be had on the flow of the monies in question to determine whether they are or are not subject to Velocity's priority security interest.

For all of these reasons, the Court will deny Allstate's motion to strike (ECF No. 424) and will set a discovery period appropriate for this action.

### ECF No. 426 – Allstate Motion for Judgment Against Valentino P.C.

In connection with the Supplementary Proceedings Order, the Court made Valentino P.C. a supplementary party to this action.  (ECF Nos. 379, 393).  The Court ordered Valentino P.C. to respond to a subpoena Allstate had previously served on it, and not to make or transfer any monies or property belonging to the Judgment Debtors.  (ECF No. 393, PageID.16196).  Later, Allstate filed a Request and Writ of Garnishment as to Valentino P.C., for the total unsatisfied judgment against Mercyland of $454,879.20 ($250,000 judgment plus interest and post-judgment costs), which the Court entered on March 31, 2021.  (ECF No. 419).  Valentino P.C. responded to Allstate's subpoena and garnishment, advising that as a result of state court lawsuits it filed in Mercyland's name, it was in possession of two checks, totaling $26,000, that list as payees Mercyland, Valentino P.C., and Allstate.  However, on April 23, 2021, Valentino P.C. filed a Garnishee Disclosure indicating that it was not indebted to Mercyland because "anything collected [in the underlying state court cases] was for and on behalf of [Valentino P.C.'s] client, Velocity []."  (ECF No. 423).

On May 10, 2021, Allstate filed its instant motion for entry of a judgment against Valentino P.C. "in an amount equal to the value of any and all assets held by Valentino

[P.C.] for the benefit of judgment debtor Mercyland [],” though at present, that seems to encompass only the aforementioned two checks totaling $26,000.  (ECF No. 426).  Allstate argues that this is a straightforward garnishment issue; Valentino P.C. filed state court actions on behalf of Mercyland and presently holds $26,000 proceeds from two of those suits that belongs to Mercyland; Allstate has a right to garnish those monies to satisfy the judgment entered against Mercyland in this case; and Allstate’s garnishment as to Valentino P.C. was filed on the docket in this case, with neither Valentino P.C. nor Velocity lodging an objection.  (*Id.*, PageID.16603-04).

Valentino P.C.’s response, explaining that the $26,000 belongs to *Velocity*, not Mercyland, shows how intertwined the dispute over that issue is with the other issues discussed above on which the Court has found discovery is warranted:

> [Valentino P.C.] was retained by [Velocity] to pursue collection of several first party provider claims that were sold and assigned to Velocity by Mercyland [].  Those claims are governed by a Lien and Receivables Purchase and Assignment Agreement dated November 20, 2018, by and between Velocity and Mercyland (the “LRPA”).  The LRPA granted Velocity a Power of Attorney to file lawsuits in Mercyland’s name for purposes of collecting the no-fault benefit receivables that Mercyland sold and assigned to Velocity.  Specifically, Section 6., h. of the LRPA provides in pertinent part as follows:
>
>> Medical Provider further grants to Velocity an irrevocable power of attorney, to the extent a claim for reimbursement to the patient’s insurer under a personal injury protection or med-pay policy exists, to take any necessary collection action **in the name of the medical provider including without limitation the filing of a lawsuit** or commencement of arbitration. . . .
>
> The LRPA also provides that Mercyland will continue to be a real party in interest with respect to the no-fault benefit receivables that Mercyland sold and assigned to Velocity.

\* \* \*

The forgoing provisions provide Velocity with the right to litigate first party provider claims in the name of Mercyland, as Mercyland continues to maintain an interest in those claims pursuant to the LRPA.

MCR 2.201(B) defines a real party in interest and "requires that, generally, an action must be prosecuted in the name of the real party in interest. A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *Barclae v Zarb*, 300 Mich App 455; 834 NW2d 100 (2013) (citation omitted).

\* \* \*

In the case at bar, Velocity had the right to maintain suit in Mercyland's name to collect the outstanding no-fault benefit receivables assigned to it by Mercyland. Mercyland continued to have an interest in the outcome of those lawsuits and, therefore, continued to be a real party in interest. Ultimately, the monies recovered pursuant to the LRPA and associated Purchase Orders, which were entered into before Allstate obtained a judgment against Mercyland, are the property of Velocity.

(ECF No.432, PageID.16879-81) (emphasis from Valentino P.C. brief).

In its reply brief, Allstate argues that the "alleged contract between Mercyland and Velocity is irrelevant." (ECF No. 436, PageID.16934). Allstate's position is that "the 2018 LRPA does not prove that Velocity has any right to the two specific checks in question . . ." (*Id.*). While that latter point may be true as a standalone statement, Attorney Valentino has affirmatively represented to the Court that the checks in question did arise in connection with Velocity's rights under the 2018 LRPA. That is an issue that can be explored through simple discovery. Second, Allstate argues, "[i]f Velocity had purchased the Mercyland receivables in question, it was the real party in interest and it was required to file suit in its own name." (*Id.*, PageID.16937). But that argument fails to distinguish

between Mercyland's *underlying claims* litigated in the state court actions and Velocity's rights to the *proceeds* of those claims.  Thus, while Allstate's position may ultimately carry the day, discovery and further factual development could establish that the funds Allstate seeks to garnish from Valentino P.C. are Velocity's property, not Mercyland's.  If that is the case, they are not subject to Allstate's garnishment and Allstate is not entitled to entry of a judgment against Valentino P.C. with respect to those monies.  Again, basic discovery should be able to clarify the facts and issues that will enable the Court to determine who is the rightful owner of those funds.

For all of these reasons, the Court will recommend that Allstate's instant motion for judgment against Valentino P.C. (ECF No. 426) be denied without prejudice.

**Conclusion**

For the reasons stated above, **IT IS ORDERED** that Velocity's motion regarding supplementary proceedings **(ECF No. 408)** is **DENIED AS MOOT**.  **IT IS FURTHER ORDERED** that Allstate's motion to strike **(ECF No. 424)** is **DENIED**. **IT IS FURTHER ORDERED** that Allstate and Velocity shall meet and confer and file a joint proposed Scheduling Order by **November 23, 2021**.

**IT IS RECOMMENDED** that Allstate's motion for judgment against Valentino P.C. **(ECF No. 426)** be **DENIED WITHOUT PREJUDICE**.

Dated: November 17, 2021                        s/David R. Grand
Ann Arbor, Michigan                              DAVID R. GRAND
                                                 United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Order and Report and Recommendation but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Order and Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 17, 2021.

<div style="margin-left:auto;">

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

</div>

Dated: November 17, 2021